Oxygen Therapy Research Foundation v. Commissioner. Alexander J. Berndt and Elizabeth Berndt v. Commissioner. Alexander J. Berndt v. Commissioner.
Oxygen Therapy Research Foundation v. Commissioner
Docket Nos. 64323, 64346, 64347.
United States Tax Court
T.C. Memo 1958-192; 1958 Tax Ct. Memo LEXIS 32; 17 T.C.M. (CCH) 956; T.C.M. (RIA) 58192; November 17, 1958
*32 Alexander J. Berndt (an officer), 39 Colonial Parkway, Dumont, N.J., for the petitioner in Docket No. 64323, and pro se. William F. Fallon, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in income tax in these consolidated cases as follows: Oxygen Therapy Research Foundation
Docket No. 64323
Additions to Tax
Year
Deficiency
Sec. 293(b)
Sec. 291(a)
1946
$11,988.41
$ 5,994.21
$ 2,997.10
1947
30,466.03
15,233.02
7,616.51
1948
40,062.36
20,031.18
10,015.59
1949
30,048.67
15,024.34
7,512.17
1950
3,959.37
1,979.69
989.84
Alexander J. Berndt and Elizabeth Berndt
Docket No. 64346
Additions to Tax
Sec.
Sec.
Year
Deficiency
Sec. 293(b)
294(d)(2)
294(d)(1)(A)
1949
$36,527.34
$18,263.67
$2,252.68
$3,754.48
Alexander J. Berndt
Docket No. 64347
Additions to Tax
Sec.
Sec.
Year
Deficiency
Sec. 293(b)
Sec. 291(a)
294(d)(2)
294(d)(1)(A)
1946
$15,756.59
$ 7,878.30
$ 3,939.15
$ 945.40
$1,575.67
1947
51,116.47
25,558.24
3,124.69
5,207.84
1948
69,751.20
34,875.60
17,212.80
4,131.07
6,885.12
1950
4,508.42
2,254.21
1,127.11
270.51
450.84
*33 At the outset of the trial counsel for respondent announced to the court "we are withdrawing our assertion of the fraud penalties in these cases so that the only issue * * * will be with respect to the tax deficiencies and the delinquency penalties determined against the taxpayers." Findings of Fact Some of the facts were stipulated and are found accordingly. The Oxygen Therapy Research Foundation, hereinafter referred to as the Foundation, was, during the years involved, a corporation organized under the laws of the State of New Jersey. Petitioners Alexander J. Berndt and Elizabeth Berndt are husband and wife residing in Dumont, New Jersey. Their joint Federal income tax return for the taxable year 1949 was filed with the then collector of internal revenue at Newark, New Jersey. Alexander J. Berndt filed his individual Federal income tax return for the taxable year 1947 with the then collector of internal revenue at Newark, New Jersey. On May 19, 1945 the Foundation applied for a ruling that it was exempt from Federal income tax under section 101(6) of the Internal Revenue Code of 1939. A tentative ruling was given to the Foundation in a letter dated May 19, 1947, granting *34 the exemption on the basis stated in the application that it was to engage in oxygen research and it was to provide oxygen breathing devices free of charge to any person, regardless of race, color or creed, if needed for therapeutic reasons. A formal ruling of exempt status was issued to the Foundation on May 22, 1947. Subsequently, the Federal Bureau of Investigation made an investigation of the Foundation and on September 20, 1949 petitioner Alexander J. Berndt and the Foundation were each indicted on seven counts of making false and fraudulent statements during the year 1947 to the War Assets Administration for the purpose of obtaining surplus war materials. Said petitioners each pleaded guilty in the District Court of the United States for the District of New Jersey to four counts in the indictment and were sentenced. In these counts, to which they pleaded guilty, it was charged they falsely represented the Foundation as a nonprofit educational or public health institution for the purpose of securing property from the War Assets Administration, not for their own needs but for resale. The ruling granting the Foundation tax exempt status was retroactively revoked in a notice *35 dated March 17, 1950. During the course of the Internal Revenue Service's investigation the revenue agent endeavored to obtain the books and records of the Foundation. The books and records of the Foundation were never made available, Berndt maintaining that they had been turned over to the F.B.I. and never returned to him. The books and records had, prior to this time, been turned over to Berndt's attorney by the F.B.I. Respondent's determination of deficiencies of income tax in all of the dockets was computed by resort to third party records with some other adjustments set forth in detail in the statutory notices. Berndt was the president of the Foundation and the only person authorized to sign checks on its funds during all of the years in question. Opinion With the issue of fraud removed by respondent, the petitioners had the burden of proof Petitioner Alexander J. Berndt appeared pro se and he filed the petition and appeared for the Foundation, of which he was the president. The evidence consists of his testimony, in which he stated that since the books and records of the Foundation were not available to him, he could not know "the accuracy of the amounts claimed by the government. *36 " Since the petitioners failed to carry their burden of proof, respondent's determinations of deficiencies and additions thereto, except with respect to the additions to tax for fraud, are sustained. It is worth stating that respondent placed in evidence the receipt of the attorney who had represented Berndt and the Foundation in the criminal action showing that he, as attorney, had received the books back from the F.B.I. The attorney also testified he received the books from the F.B.I. in October 1950 and whereas he had no independent recollection of delivering them to Berndt, he said this "would be natural" and he knew he had not had them in his possession since October of 1950. Decisions will be entered under Rule 50.